■ JOHN M. ARMSTRONG et al., Suing on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf and in the Right of CANADIAN JAVELIN LIMITED, Respondents, and MILTON BERMAN, Suing on Behalf of Himself and All Other Stockholders Similarly Situated and on Behalf and in the Right of CANADIAN JAVELIN LIMITED, et al., Appellants, v. JOHN C. DOYLE et al., Respondents, et al., Defendants. CANADIAN JAVELIN LIMITED, Plaintiff, v. JOHN C. DOYLE et al., Defendants.— Judgment entered on August 16, 1961 unanimously modified on the law to the extent of striking out the last decretal paragraph and as so modified is affirmed, without costs. The retention of juris-

diction by the court as provided for in the last decretal paragraph may not be sustained. Such provision could well result in a complete breakdown of the normal functioning of the board of directors. It would, in effect, make the court a member of the board. Interference by courts with the normal internal management of business corporations is improper (see *Chelrob, Inc.*, v. *Barrett,* 293 N. Y. 442, 459–460; *Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493, 507). Any subsequent improprieties or irregularities may be remedied by the institution of an appropriate independent action or proceeding. Concur — Rabin, J. P., McNally, Eager, Steuer and Bergan, JJ. Motion to dismiss appeal denied. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.